**Andre L. GRAHAM, Plaintiff,**

v.

**Ronald J. ANGELONE, Director of the Virginia Department of Corrections, Defendant.**

**No. CIV. A. 2:97CV270.**

United States District Court,
E.D. Virginia.
Norfolk Division.

Nov. 10, 1999.

Linda S. Laibstain, Jeffrey Lance Stredler, Hofheimer Nusbaum, P.C., Norfolk, VA, Michele Jill Brace, Robert Edward Lee, Jr., Virginia Capital Representation, Richmond, VA, Mark Evan Olive, Tallahassee, FL, Larry W. Shelton, Shelton & Malone, P.C., Norfolk, VA, for Andre L. Graham, petitioners.

Donald Richard Curry, Office Of The Attorney General, Richmond, VA, for Ronald Angelone, respondent.

### ORDER

DOUMAR, District Judge.

Defendant's counsel filed a Motion to Reconsider the Denial of Request for Clemency Compensation. For the reasons stated below, the Court **DENIES** Defendant's Motion.

On March 27, 1997, the Court appointed counsel to represent Andre Graham. Since that date, the Court has paid appointed counsel more than $98,000 in fees and expenses for their services in preparing Defendant's habeas petition. Appointed counsel then requested compensation for the investigation and preparation of Defendant's clemency petition. This Court denied counsel's request in a letter dated October 6, 1999. At issue now is Defendant's Motion to Reconsider Denial of Request for Clemency Compensation.

A clemency petition is directed to the executive branch of government which has the power to grant clemency or commute a sentence. As such, clemency is an executive remedy not a judicial remedy. "Unlike probation, pardon and commutation decisions have not traditionally been the business of courts." *Connecticut Bd. of Pardons v. Dumschat,* 452 U.S. 458, 464, 101 S.Ct. 2460, 2464, 69 L.Ed.2d 158 (1981); *see also Spinkellink v. Wainwright,* 578 F.2d 582, 619 (5th Cir.1978). The separation of powers doctrine prohibits the courts from placing restrictions on the powers delegated to the executive branch. Accordingly, decisions to grant clemency or commute a sentence are rarely appropriate subjects for judicial review. *See Connecticut Bd. of Pardons,* 452 U.S.

at 464, 101 S.Ct. at 2464; *Otey v. Stenberg,* 34 F.3d 635, 637 (8th Cir.1994) (holding that inmate's due process and equal protection rights were not violated by Nebraska's denial of clemency).[1] In order for a clemency petition to be subject to judicial review, there must be a procedural or fundamental constitutional right which creates a protected interest in clemency. *See Connecticut Bd. of Pardons,* 452 U.S. at 465, 101 S.Ct. at 2465; *Otey,* 34 F.3d at 637. Rights giving rise to a claim subject to judicial review must be based on statutes or rules defining the scope of the clemency power and the obligations of the office charged with exercising the power. *See Connecticut Bd. of Pardons,* 452 U.S. at 465, 101 S.Ct. at 2465; *Otey,* 34 F.3d at 637.

▪ The Constitution of Virginia provides "The Governor shall have power to . . . commute capital punishment." Const. of Va., art. V, § 12. The Code of Virginia does not place any conditions or limitations on the power vested in the Governor to commute capital punishment sentences. *See* Va.Code Ann. §§ 53.1–229—231 (Michie 1998). Therefore, a clemency petition to the Governor of Virginia is not subject to judicial review.

▪ Furthermore, the power to grant clemency is a power reserved to the states under the Tenth Amendment of the United States Constitution. "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X. Moreover, Graham's clemency petition would not be directed to a federal executive but rather to the Governor of the Commonwealth of Virginia, and the federal court must remain separate and apart from Graham's clemency petition directed to the executive branch of the Commonwealth of Virginia.

Clemency in this case is an executive remedy exclusively that of the Commonwealth of Virginia and is not subject to judicial review by a federal court. This Court will not authorize payment for the investigation and preparation of Defendant's clemency petition addressed to the Governor of Virginia. Indeed, clemency petitions and decisions to commute sentences are not the business of judges and the courts. *See Connecticut Bd. of Pardons,* 452 U.S. at 464, 101 S.Ct. at 2464; *Spinkellink,* 578 F.2d at 619. The Defendant's Motion to Reconsider Denial of Request for Clemency Compensation is **DENIED.** The Clerk is **DIRECTED** to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

---

1. Similarly, the presidential pardoning power is not subject to restriction by Congress. In *Schick v. Reed,* 419 U.S. 256, 95 S.Ct. 379, 42 L.Ed.2d 430 (1974), the Supreme Court addressed a question about the constitutionality of a condition placed on the commutation of a death sentence by the President. In that case, the President exercised the pardoning power found in Article II of the United States Constitution to commute Petitioner's death sentence to life imprisonment subject to the condition that Petitioner would not become eligible for parole. *Id.* at 257, 95 S.Ct. at 380–81. The Court held the condition constitutional because the presidential pardoning power flows from the Constitution and is not subject to legislative acts or restrictions. *Id.* at 267, 95 S.Ct. at 385.